to the intent of the deceased to revoke the will. He does not dispute that the plain meaning of the words written across the face of the first page of the document evidence such an intent. Rather it is argued that this intent was dependent upon the efficacy of the deceased's alleged abortive attempt to effect a voluntary settlement of the assets of his estate. We need not consider whether the doctrine of defendant relative revocation (see 95 C.J.S. 267) enjoys vitality in this jurisdiction, whether the doctrine is applicable to cases involving an ineffectual attempt at voluntary settlement rather than a subsequent will, or whether that doctrine, if applicable, would be of aid to the appellant, for this theory was not timely advanced in the Circuit Court and therefore will not be considered on appeal. In accordance with the views expressed herein, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.

C. CASEY HOMES, INC. *et al.*, Plaintiffs-Appellees, *v.* THE VILLAGE OF OAK LAWN, Defendant-Appellant.

(No. 55646;

First District—March 27, 1972.

Opinion by Mr. JUSTICE LYONS.

Staehlin, Jantorni & Sullivan, of Chicago, and Gerhardt J. Gliege, of Oak Lawn, (John M. Sullivan, of counsel,) for appellant.